UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:13-CR-0276-B |
| | § | |
| GERARDO CISNEROS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Gerardo Cisneros's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling reasons (Doc. 852). For the following reasons, Cisneros's Motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

In 2014, Cisneros pleaded guilty on two counts: Conspiracy to Possess with Intent to Distribute and Conspiracy to Launder Monetary Instruments. Doc. 420, Judgment, 1. On June 6, 2014, the Court sentenced Cisneros to 20 years in prison. *Id.* at 2.

Cisneros is currently 37 years old and confined at Forest City Low Federal Correctional Institution with a release date of September 26, 2029.[1] Cisneros filed this Motion for Compassion Release on May 24, 2024. Doc. 852, Mot. The Court considers Cisneros's Motion below.

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s inmate locator, available at https://www.bop.gov/inmateloc/ (last visited November 13, 2024).

-1-

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.  *Cisneros Has Demonstrated Proof of Exhaustion.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Cisneros attached an exhibit to his Motion of a letter that he sent the warden. The warden denied his request for compassionate release. Doc. 852, Ex.-A, 1. Thus, Cisneros satisfied the exhaustion requirement under § 3582.

B.  *Cisneros Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Cisneros has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress

"delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (internal quotations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 612 F. Supp. 3d 699, 700 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(a)(1)(A). The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93 (citing § 1B1.13). While not binding, Section 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . [Section] 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release.").

Considering Cisneros's Motion in light of §1B1.13, the Court concludes that Cisneros has not provided "extraordinary and compelling reasons" for release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Cisneros argues that he should be granted compassionate release due to medical conditions, changes in federal sentencing law, an unusually long sentence, and his rehabilitation. Doc. 852, Mot., 7–14. The Court addresses each argument in turn.

First, Cisneros's medical conditions and the threat of Covid do not constitute extraordinary and compelling reasons for release. *See* 18 U.S.C. § 3582(c)(1)(A). Cisneros is a 37-year-old male who has high cholesterol, chronic headaches, vertigo, pulpitis, and is obese. Doc. 852, Mot., 7. Cisneros has not specifically identified what, if any, symptoms he suffers from these conditions. And the Court will not grant Cisneros compassionate release based purely on his self-diagnoses. Such a decision would constitute a blanket pronouncement of "extraordinary and compelling" circumstances applicable to a wide swath of applicants. *See United States v. Delgado*, No. 3:17-CR-242-B(01), 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (Boyle, J.) ("[T]he Court . . . should be cautious about making blanket pronouncements that categories of prisoners . . . warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic.").

Second, there are no changes in the law that constitute extraordinary and compelling grounds for release in Cisneros's case. Cisneros argues that two changes in the law support compassionate release: Amendments 782 and 821 to the Federal Sentencing Guidelines. Doc. 852, Mot., 9–11. However, Cisneros is not eligible for a sentence reduction under either. Amendment 782 lowered most drug-related base offense levels by two points. *See* U.S.S.G., App. C, Amend. 782. This reduces Cisneros's Total Offense Level from a 45 to a 43. *See* Doc. 663, Amend. 782, 2. Even with a 43, the Guideline Range of Imprisonment remains Life. *Id.* at 3. As such, Amendment 782 does not lower his sentence range. Cisneros is also ineligible for a sentence reduction under Amendment 821. Amendment 821 provides a decrease of two offense levels for offenders with zero criminal history points. *See* U.S.S.G. § 4C1.1(a). Because Cisneros has a criminal history score of 2,

he is ineligible for a sentence reduction under Amendment 821. *See* Doc. 381, PSI, ¶ 32; Doc. 863, Order.

Third, Cisneros argues that his was sentence is unusually long. Doc. 852, Mot., 11; U.S.S.G. § 1B1.13(b)(6). The Court disagrees. An "unusually long sentence presents an extraordinary and compelling reason only when all the following exist: (1) the defendant's individualized circumstances support it; (2) the defendant has served at least 10 years imprisonment under the sentence in question; and (3) a gross disparity between the sentence imposed and the sentence under the current law is likely." *United States v. Bolton*, No. 09-166, 2024 WL 1966448, at *3 (E.D. La. May 3, 2024). Given that Cisneros is ineligible for a sentence reduction under Amendments 782 and 821, there is not a gross disparity between his sentence and what his sentence would be under current law.

Fourth, Cisneros also argues he should be released because he is no longer a threat to the community and has taken steps to rehabilitate himself. Doc. 852, Mot. 14–16. While the Court commends Cisneros for improving himself, Congress has expressly stated that "rehabilitation *alone* is an insufficient reason" for compassionate release. *United States v. Jean*, 108 F.4th 275, 283 (5th Cir. 2024) (emphasis in original). Given that Cisneros has no other grounds for compassionate release, his rehabilitation is insufficient. Considering Cisneros's Motion in light of § 1B1.13, the Court concludes that Cisneros has not provided "extraordinary and compelling reasons" for release.

C.    *The § 3553 Factors Weigh Against Release.*

Finally, even if Cisneros had demonstrated extraordinary and compelling reasons warranting a sentence modification, the Court is required to consider the sentencing factors set forth in § 3553(a) to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the

offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." § 3553(a)(2)(A). The Court is not persuaded that these factors support Cisneros's request.

Cisneros was the head of a drug trafficking organization's Dallas-based cell and coordinated several, multi-pound shipments of methamphetamine from Mexico. Doc. 381, PSI, ¶¶ 12, 14. Cisneros's request for a sentence modification would not "reflect the seriousness of the offense," "promote respect for the law," or "afford adequate deterrence to criminal conduct[.]" *See* 18 U.S.C. § 3553(a)(2)(A). Thus, the § 3553(a) factors weigh against a sentence modification. This is an independent justification for denying his motion.

## IV.

## CONCLUSION

Cisneros's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. Therefore, the Court **DENIES** Cisneros's Motion (Doc. 852) **WITHOUT PREJUDICE**.

By denying Cisneros's Motion without prejudice, the Court permits Cisneros to file a subsequent motion for compassionate release in the event he can provide evidence supporting extraordinary and compelling reasons for release. However, to the extent Cisneros merely repeats or provides minor elaborations to arguments that this Court has already rejected, such arguments will be summarily rejected.

SO ORDERED.

SIGNED: December 2, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE